# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DON JUAN BUTLER,

       Plaintiff,

      v.                                      Case No. 10-CV-653

SGT. MEYERS, MR. LEEMAN,
MR. LAWLER, JOHN DOE, sued as 1 through 12,
JANE DOE, sued as 1 through 12, MR. HENDERSON,
SGT. DICKAU, and MR. HOLT,

       Defendants.

# ORDER

On April 21, 2011, the plaintiff filed his fourth motion to compel discovery in this case. (Docket #51). He seeks answers to three interrogatories that he claims the defendants failed to answer from prior requests for interrogatories. The plaintiff also seeks production of documents which he asserts the defendants failed to produce despite his repeated requests for production.

By way of background, the plaintiff filed his first motion to compel discovery on February 11, 2011, in which he requested that the court order the defendants to respond to his request for production of documents. (Docket #24). On February 14, 2011, the defendants filed a copy of their response to the plaintiff's discovery request. (Docket #27). The plaintiff filed his second motion to compel discovery on February 23, 2011. (Docket #34). In that motion, he requested that the court order the defendants to answer two sets of requests for interrogatories submitted to the defendants on January 23 and 26, 2011, and to compel the defendants to produce documents regarding the September 19, 2009,

cell extraction. Also on February 23, 2011, the defendants filed copies of their responses to the plaintiff's requests for admissions, first set of interrogatories, and second set of interrogatories. (Docket ##30-31). In an order dated March 4, 2011, the court denied both motions to compel discovery because the plaintiff failed to include the required statement that he tried to resolve the issue with the defendants before seeking court intervention. (Docket #39). The court also reasoned that it appeared the defendants had responded to the plaintiff's discovery requests.

On April 7, 2011, the plaintiff filed his third motion to compel discovery in which he asserted that the defendants failed to respond to his February 24, 2011, request for production of documents; his March 8, 2011, request for production of documents; his February 21, 2011, request for interrogatories to defendant Mr. Henderson; and his request for interrogatories to defendant Sgt. Dickau. (Docket #42). On April 15, 2011, the defendants filed copies of their responses to the plaintiff's second request for production of documents, third set of interrogatories, fourth set of interrogatories, and third request for production of documents. (Docket ##45-48). Based on these responses, the court denied the plaintiff's motion to compel in an order filed April 22, 2011, because it appeared that the defendants had responded to all of the plaintiff's requests for discovery. (Docket #50).

In his latest motion to compel, the plaintiff takes issues with several of the defendants' responses to his requests for answers to interrogatories and for production of documents.[1] Specifically, he challenges the defendants' responses to the following three

---

[1]The plaintiff's motion to compel only reproduces the challenged discovery request and the problem the plaintiff has with the response. The motion does not include the defendants' actual response, nor does it indicate from which of the plaintiff's multiple discovery requests the request comes.

interrogatories:

> How was it possible for plaintiff to stick his arms out of food port if plaintiff was in restraints as you stated in your incident report?

> What is the name of John Doe defendant who took pictures of plaintiff's injured fingers?

> Is it true that a pretrial detainee cannot be punished prior to an adjudication of guilt?

(Plaintiff's April 21, 2011, Motion to Compel at 1-2). The plaintiff also seeks the following requested documents that he asserts were not produced:

> Pictures of plaintiff's injured fingers after they were injured due to being slammed in food port.

> Plaintiff's medical records, logs, and information from the time period of 9-18-09 until 9-25-09.

> Documents showing disciplinary records of Sgt. Meyers, Mr. Leeman, Mr. Lawler, Mr. Henderson, Mr. Holt, and Sgt. Dickau.

> Damion Cole, Artavius Polk, [and] Montreal Johnson['s] current prison address and street address as they were eye witnesses.

> All other inmates' current prison addresses and street addresses as they were eye witnesses also.

> Footage, recordings of cameras, security cameras in Unit 4D on the day of 9-18-09.

(Plaintiff's April 21, 2011, Motion to Compel at 2-3).

As an initial matter, the plaintiff has failed to include the required statement that he tried to resolve these issues with the defendants before seeking court intervention. See Fed. R. Civ. P. 37(a); Civil L.R. 37 (E.D. Wis.). In addition, the defendants responded to the plaintiff's requests for answers to his interrogatories set forth above. See Defendants' Response to Plaintiff's Third Set of Interrogatories, ¶¶ 1, 7 (Docket #46); Defendants'

Response to Plaintiff's Fourth Set of Interrogatories, ¶¶ 1, 3 (Docket #47).

In response to the first interrogatory, the defendants stated:

plaintiff is in the best position to be able to explain this; in plaintiff's complaint, ¶18 thereof, plaintiff alleges in pertinent part that plaintiff ". . . held the food port to prevent the guards from closing it.  A John Doe defendant . . . slammed Butler's fingers in the food port, injuring them;' in plaintiff's Requests for Admissions he wanted defendants to admit that 'the plaintiff was met with excessive force when Sgt. John Doe slammed his hand in the food port . . .."

(Defendants' Responses to Plaintiff's Fourth Set of Interrogatories, ¶1).  The defendants objected to the second interrogatory on the grounds that it incorporates unfounded assumptions (injured fingers) as if they were a fact.  Subject to that objection, the defendants responded that there is no photograph in the plaintiff's non-medical files and that they do not have access to his medical files because the plaintiff has not signed an authorization for disclosure of those records.  Id. ¶ 3.  The defendants objected to the third interrogatory on the grounds that it is not relevant and is immaterial to any issue in this action.  (Defendants' Responses to Plaintiff's Third Set of Interrogatories, ¶ 7).

Regarding production of documents, on May 9, 2011, the plaintiff filed his fourth request for production of documents, which contains all of the documents he previously requested.  (Plaintiff's Request for Production of Documents) (Docket #52).  On June 15, 2011, the defendants filed responses to the document requests.  (Docket #55).  In response to the first two document requests set forth herein, the defendants stated that any such records would be contained in the plaintiff's medical file.  They further state that they sent the plaintiff medical authorizations on March 3 and April 14, 2011, but he has failed to provide them with the necessary authorizations.  (Defendants' Response to Plaintiff's Fourth Request for Production of Documents, at 2-4).  T

The defendants objected to the plaintiff's third request to produce the defendants' disciplinary records because the documents sought are irrelevant and immaterial. Id. at 3. With respect to the plaintiff's fourth and fifth requests seeking former inmates' current prison and street addresses, the defendants responded that such information was not within their custody. Id. at 2. Finally, in response to the sixth request for camera footage in Unit 4D from September 18, 2009, the defendants stated that such camera footage does not appear to exist. The defendants further stated that "there were and are no security surveillance cameras in the Unit4D segregation sub-pod where plaintiff was located at the date and time in question." Id. at 3.

The court has reviewed the plaintiff's interrogatories and requests for production of documents and the responses thereto filed by the defendants. Based on that review, the court finds that the defendants properly and reasonably responded to the plaintiff's discovery requests. Accordingly, in light of the foregoing, the plaintiff's fourth motion to compel discovery will be denied.

## Additional Matters

The court's order of April 22, 2011, directed that Mr. Henderson, Sgt. Dickau, and Mr. Holt be identified as John Doe defendants. This order will direct service of process on these defendants.

Finally, the plaintiff has not identified additional John or Jane Doe defendants by . May 18, 2011, the deadline for identifying such defendants. See Court's Order of April 22, 2011, at 2-3. Therefore, remaining John and Jane Doe defendants will be dismissed from this action.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion to compel discovery is hereby **denied**. (Docket #51)

**IT IS FURTHER ORDERED** that United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants Mr. Henderson, Sgt. Dickau, and Mr. Holt pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that defendants Mr. Henderson, Sgt. Dickau, and Mr. Holt shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that defendants John Doe and Jane Doe are hereby **dismissed**.

Dated at Milwaukee, Wisconsin this 28th day of June, 2011.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge